IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCI SPARK LLC,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants.<br><br>_____/ | Civil Action No. 2:25-cv-01928-WSH<br>Judge W. Scott Hardy |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO
FED. R. CIV. P. 12(b)(2)**

Defendants DOE 80 Jekeno (Seller ID: A1KP500MSRQT26) and DOE 175 WXRR (Seller ID: A2LD0VCKBXBC96) (the "Defendants"), by and through their undersigned counsel, respectfully move this Court to dismiss the Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In support thereof, Defendants state as follows:

**I. LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located. Fed. R. Civ. P. 4(e); *North Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990). In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then

determine whether the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment to the Constitution. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 489-90 (3d Cir. 1985). This inquiry has been collapsed in Pennsylvania, as the Pennsylvania long-arm statute provides that: "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *Van Buskirk*, 760 F.2d at 490. The reach of the Pennsylvania long-arm statute is thus "coextensive" with the due process clause. *North Penn Gas*, 897 F.2d at 690. The due process clause permits the court to assert personal jurisdictional over a nonresident defendant who has "certain minimum contacts with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) [defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). The "paradigm" forums where a corporate defendant is at home are the corporate defendant's place of incorporation and its principal place of business. *BNSF Ry. Co.*, 137 S. Ct. at 1558 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that

State.'" *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Specific jurisdiction is appropriate only if the plaintiff's cause of action arises out of a defendant's forum-related activities, "such that the defendant 'should reasonably expect being haled into court'" in that forum. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prod. Inc.,* 75 F.3d 147, 151 (3d Cir. 1996) (quoting *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The Third Circuit has explained the three-part analysis for specific jurisdiction. "First, the defendant must have 'purposefully directed [its] activities' at the forum. Second, the litigation must 'arise out of or relate to' at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel,* 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted). To find that a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state, the Third Circuit requires "a closer and more direct causal connection than that provided by the but-for test." *Id.* However, the required causal connection is looser than the tort concept of proximate causation. *Id.* (citing *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 99-100 (3d. Cir. 2004)). The appropriate analysis is fact-intensive, focusing on the "reciprocity principle upon which specific jurisdiction rests" -- whether the defendant received the benefits and protections of a state's laws to the extent that it should, as a quid pro quo, submit to the burden of litigation in the state. *Id.* at 323.

As noted, each of the Defendants is alleged to be a foreign entity. Federal Rule of Civil Procedure 4(k)(2) provides:

> (2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Accordingly, in order for a court to exercise personal jurisdiction over a foreign defendant pursuant to Fed. R. Civ. P. 4(k)(2):

> (1) there must be a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States as a whole so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law.

*Skold v. Galderma Labs., L.P.*, 99 F. Supp. 3d 585, 603 (E.D. Pa. 2015). "Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009) (citing Fed. R. Civ. P. 4(k)(2) advisory committee notes to 1993 amendment).

## II. MEMORANDUM OF LAWS AND ANALYSIS

Plaintiff SCI Spark LLC filed this action alleging copyright infringement against numerous "Schedule A Defendants," including Defendants, primarily foreign online sellers.

"In the context of e-commerce, 'the mere operation of a commercially interactive web site'—even if accessible in the relevant forum—is insufficient to establish minimum contacts and therefore personal jurisdiction." *Xie v. GUANHE Home essentials*, No. 2:25-CV-00265, 2025 WL 1039233, at *2 (W.D. Pa. Apr. 8, 2025) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)). Rather, the plaintiff must show that that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state "by directly targeting

its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id*.

In *Xie*, 2025 WL 1039233, at *4, the court held that "the operation of an online storefront from which Pennsylvania residents can make purchases if they so choose—standing alone—is insufficient to establish minimum contacts with Pennsylvania."

This Court lacks personal jurisdiction over Defendants, non-residents with no meaningful contacts with the Commonwealth of Pennsylvania. Defendants do not reside in Pennsylvania, is not registered to do business in Pennsylvania, maintain no offices, employees, or agents in Pennsylvania, and do not direct advertising or business activities toward Pennsylvania residents. Any alleged sales into Pennsylvania consist solely of a single (or limited) purchase(s) initiated by Plaintiff or its counsel as part of an investigative "fishing" order for purposes of this litigation.

In fact, the evidence provided by Plaintiff shows that the order initiate by Plaintiff or its counsel was not even successfully placed. *See* Exhibit A and B for the alleged order created by Plaintiff or its counsel. On the last page, no order was placed. *See* Ex. A, p. 4 and B, p. 4.

Assuming there was an investigative purchases, orchestrated by Plaintiff, do not constitute purposeful availment of the Pennsylvania market and cannot establish specific personal jurisdiction. Defendant will provide a declaration accordingly. Such a practice is insufficient to establish personal jurisdiction:

> Moreover, the screenshots attached to the complaint do not reflect that these are arms-length sales. If [plaintiff] or its counsel or agents simply ordered these products to create personal jurisdiction, that doesn't work. *See Nifty Home Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at *3 (3d Cir. Dec. 5, 2024)
> (finding, in context of review of district court's denying motion to vacate default judgment, a "colorable argument" that single sale from each

> defendant into Pennsylvania—set up by plaintiff in each instance—was insufficient to show purposeful availment); *Toys "R" Us, Inc.*, 318 F.3d 446 at 454-55 (two sales orchestrated by the plaintiff insufficient to establish personal jurisdiction because these two sales "appear to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court has held insufficient to warrant the exercise of jurisdiction"); *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1095 (9th Cir. 2023) (finding personal jurisdiction over defendants using their Amazon storefronts to make sales to residents in forum state, but requiring that such sales "must occur in the defendant's regular course of business").

*FORCEL MEDIA*, 2025 WL 1665586, at *2.

*See Promier Products Inc. v. Gearoz*, et al., Civil Action No. 2:25-cv-00497-RJC (W.D. Pa.), Memorandum Order (ECF No. 86, filed July 8, 2025) (Colville, J.) (holding that plaintiff's investigative purchases of defendants' products do not establish personal jurisdiction over foreign online sellers in false advertising case, as such contacts are not purposeful and are insufficient to satisfy due process).

The exercise of personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment, as Defendant has not purposefully directed its activities toward Pennsylvania residents.

Plaintiff bears the burden of establishing personal jurisdiction, but has failed to allege sufficient minimum contacts.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant this Motion and dismiss the Complaint against it with prejudice for lack of personal jurisdiction.

Respectfully submitted,

/s/ Jianyin Liu
JIANYIN LIU (pro hac vice)
Florida Bar No. 1007675
15750 SW 92ND AVE UNIT 20C
PALMETTO BAY, FL 33157
Email: jamesliulaw@gmail.com
Phone: (305) 209-6188

Counsel for Defendants

Dated: January 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all counsels of record.

/s/ Jianyin Liu