IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCI SPARK LLC, | Civil Action No. 25-cv-1928 |
| Plaintiff, | Judge: Hon. W. Scott Hardy |
| v. | |
| ABOJOY, et al., | |
| Defendants. | |

_____/

**UNOPPOSED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT
PURSUANT TO FED. R. CIV. P. 55(c)**

Defendants RICHEN-OFFICIAL (Seller ID: A2EU3QKQOZH8MH) and WINTOJO DIRECT (Seller ID: A1WYXF0FVSB97I) (collectively, "Moving Defendants"), by and through undersigned counsel, respectfully move pursuant to Federal Rule of Civil Procedure 55(c) to vacate the Clerk's Entry of Default entered against them [DE 62] for good cause shown. This motion is made on the grounds of excusable neglect, prompt remedial action upon awareness, and the existence of a meritorious defense. Moving Defendants request that the Court vacate the default and allow them to file an answer or otherwise respond to the Complaint. This motion is unopposed.

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

This is a copyright infringement action against numerous Schedule A defendants, including Moving Defendants' Amazon seller accounts. The Clerk entered default against Moving Defendants on February 5, 2026 [DE 62], for failure to plead or otherwise defend.

Moving Defendants, foreign entities based in China operating Amazon stores, were unaware of the specific lawsuit until recently due to the high volume of routine Amazon backend emails and oversight of service-related communications. Upon becoming aware, Moving Defendants promptly retained undersigned counsel (fluent in Mandarin and admitted in this District) and file this motion without delay.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for good cause. The Third Circuit favors decisions on the merits and liberally construes "good cause" to include excusable neglect, particularly where no prejudice results and a meritorious defense exists. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Factors include: (1) whether plaintiff will be prejudiced; (2) whether defendant has meritorious defense; (3) whether culpable conduct led to default). Courts in this District and elsewhere routinely vacate defaults in similar Schedule A cases involving foreign e-commerce sellers where language barriers, unfamiliarity with U.S. procedure, and email overload contribute to delay.

## III. GOOD CAUSE EXISTS TO VACATE THE DEFAULT

**A. Excusable Neglect**

Moving Defendants are small e-commerce operators in China managing multiple Amazon stores. They receive hundreds of emails daily from Amazon's backend system (order confirmations, performance notifications, policy updates, etc.), which obscured the service emails in this matter. Service was likely via alternative means (e.g., email to store-associated addresses), but the volume and language differences caused the deadline to be overlooked.

Additionally, Moving Defendants are not familiar with U.S. federal civil procedure and face a significant language barrier as they are all Chinese citizens. These factors constitute excusable neglect, not willful or culpable conduct. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (excusable neglect includes inadvertence, mistake, or carelessness).

**B. Prompt Action Upon Awareness and Lack of Prejudice**

Moving Defendants acted immediately upon discovering the default: they retained undersigned counsel (who speaks Mandarin and is eligible to practice in the Western District of Pennsylvania) and filed this motion. No delay prejudiced Plaintiff, as no default judgment has been entered, discovery is early-stage, and the case remains in its infancy. Vacating the default will not impair Plaintiff's ability to prosecute its claims on the merits.

**C. Meritorious Defense**

A meritorious defense need only present a facially meritorious or colorable claim—not one that is guaranteed to prevail. *See Emcasco*, 834 F.2d at 74 ("[I]t is sufficient that Sambrick's proffered defense is not "facially unmeritorious." *Gross,* 700 F.2d at 123.).

Moving Defendants have a strong meritorious defense: they hold a valid, paid license from Shutterstock, Inc. (dated May 29, 2024) authorizing use of the relevant copyrighted material. This license was obtained via legitimate payment on the Shutterstock platform. Post-event communications with Shutterstock, Inc. in which the original creator (Dromava Darya) authorized Shutterstock to license the copyrighted images for production purpose. See Exhibit A attached.

While the original creator later transferred copyright to Plaintiff (registered December 2024/January 7, 2025), this subsequent transfer does not retroactively invalidate Moving Defendants' prior, valid license. The licensing entity (Shenzhen HENGSHENGTAI E-commerce Co., Ltd.) is the same company that applied for trademarks associated with the Moving Defendants' stores, supported by authorization documents and purchase records. These facts demonstrate non-infringement and good-faith reliance on a valid license.

Even if infringement were ultimately found, Moving Defendants acted under a good-faith belief that their use was licensed and authorized. There is no suggestion of intentional or reckless disregard of Plaintiff's rights. Lack of willfulness is a meritorious defense to enhanced damages and supports the equitable considerations favoring vacatur of default.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Moving Defendants respectfully request that the Court:

1. Vacate the Clerk's Entry of Default [DE 62] as to Moving Defendants pursuant to Fed. R. Civ. P. 55(c);

2. Grant Moving Defendants leave to file an answer or responsive pleading within 14 days of the Court's order (or such other time as the Court deems appropriate);

3. Grant such other and further relief as the Court deems just and proper.

This motion is unopposed, as no prejudice results and good cause is clearly established.

Respectfully submitted,

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC

15750 SW 92nd Ave Unit 20C  
Palmetto Bay, FL 33157  
Ph: (305) 209 6188  
Email: jamesliulaw@gmail.com  

Date: Feb. 5, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Feb. 5, 2026.