**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SCI SPARK LLC,

      Plaintiff,

v.

THE SCHEDULE A DEFENDANTS,

      Defendants.

Case No. 25-cv-1928

**Judge Hon. W. Scott Hardy**

## MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff hereby moves for entry of a Default Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants set forth on Exhibit A attached to the Proposed Final Default Judgment and Permanent Injunction Order.[1] The grounds for this Motion are set forth in the accompanying Memorandum in Support.

Plaintiff respectfully requests the following relief against Defendants: 1) the entry of a final judgment of $122,000 against each individual Defendant as listed on Exhibit A, and a permanent injunction in order to prevent Defendants from infringing on Plaintiff's intellectual property rights in the future; 2) a post-judgment asset restraining order; and 3) an order authorizing the release and transfer of Defendants' frozen assets to satisfy the damages awarded to Plaintiffs.

Plaintiff does not believe it is necessary for the Court to hold a hearing on this Motion and the Motion may be decided on the papers.[2] Courts, including courts in this District, enter default judgments in similar cases based upon the papers and without holding a hearing. Courts have awarded damages post-default without an evidentiary hearing based upon affidavits like those

---

[1] Defendants excluded from this Motion are listed as "**EXCEPTED**" and Defendants previously dismissed are listed as "**DISMISSED**."

[2] It is respectfully submitted there is no reason to conduct a hearing on the Plaintiff's request for damages since all of the evidence needed for an award of damages is before the Court.

submitted by the Plaintiff in this case. *See Rios v. Lovez, No. 13-cv-1619* (E.D. Pa. 2015) (After a court determines that judgment by default should be entered as to liability, the court must address the quantum of damages or other recovery to be awarded. The Court may determine the amount of damages by conducting a hearing or upon submission of affidavits.); *Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc.*, 2012 WL 6043624, *4 (M.D. Pa. 2012) (explaining that the court may determine damages by asking parties to submit "affidavits and other materials from which the court can decide the issue.") (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010)); *Frenkel v. Baker*, No. 13-5880, 2014 WL 5697449, at *2 (E.D. Pa. Nov. 4, 2014) (citing *Amresco Fin. Financial ILP. v. Storti*, 2000 WL 284203, at *2 (E.D. Pa. Mar. 13, 2000)) (entry of default with an award of damages proper where award can be ascertained from figures in evidence and affidavits); *see also Nifty Home Products, Inc. v. Ladynana US*, No. 22-994 (October 20, 2022)(Schwab, J.), *Osprey, LLC v. Alfie Pet*, No. 21-cv-790 [Doc. No. 43] (W.D. Pa. July 28, 2022) (default judgment entered three days after motion filed); *Osprey, LLC v. Alladinbox*, No. 21-cv-1095 [Doc. No. 39] (W.D. Pa. July 21, 2022) (default judgment entered one day after motion filed); *BBC Studios Distribution Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-1441 (N.D. Ill. July 20, 2022) (default judgment entered one day after motion filed); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 [Doc. No. 35] (W.D. Pa. April 22, 2020) (default judgment entered one day after motion filed).

Date: February 19, 2026

Respectfully submitted,

*/s/ Keaton Smith*
Keaton Smith IL #6347736
Shengmao (Sam) Mu NY #5707021
Abby Neu IL #6327370
Ryan E. Carreon DE #7305
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone:
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*