UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCI SPARK LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE SCHEDULE A DEFENDANTS,<br><br>    Defendants. | Case No. 25-cv-1928<br><br>**Judge Hon. W. Scott Hardy** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION**

 Plaintiff Sci Spark LLC submits this Memorandum in support of its Motion for Entry of Default and Default Judgment in the above-captioned action under Fed. R. Civ. P. 55 against the Defendants set forth on Exhibit A attached to the Proposed Final Default Judgment and Permanent Injunction Order, (collectively, the "Defaulting Defendants").

 Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default judgment against Defaulting Defendants for copyright infringement. Plaintiff seeks an award of statutory damages of $122,000 against each defaulting Defendant, which includes $100,000 per Defaulting Defendant for willfully infringing Plaintiff's Copyrighted Works ($50,000 per work for two asserted works) pursuant to 17 U.S.C. § 504(c)(2), $2,000 per Defaulting Defendant for willful violation of the DMCA under 17 U.S.C. § 1201 (a)(1), pursuant to 17 U.S.C. § 1203 (c)(3)(A), and $20,000 per Defaulting Defendant for willful violation of DMCA under 17 U.S.C. § 1202 (b)), pursuant to 17 U.S.C. § 1203 (c)(3)(B). Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling their infringing products and from using Plaintiff's Copyrighted Works and requiring that all assets in Defaulting

Defendants' financial accounts operated by Amazon.com as well as any newly discovered assets, be transferred to Plaintiff up to the amount of relief awarded by the Court.

## ARGUMENT

### I. FACTUAL BACKGROUND.

This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed infringing versions of Plaintiff's federally registered copyright-protected design (the "Infringing Products"). *See* Complaint.

Plaintiff owns and operates a successful international copyright licensing business, with substantial commercial operations including licensing of intellectual property rights. Complaint ¶ 1. Plaintiff is the owner of all rights, title, and interest in several copyrighted designs which have been registered with the U.S. Copyright Office, two of which is asserted in this action (Plaintiff's "Copyrighted Works"). *See* Complaint ¶ 2, Exhibit 1. Plaintiff purchased the Copyrighted Works from the original artist. Complaint ¶ 2. Plaintiff subsequently registered the Copyrighted Works with the United States Copyright Office and was issued Registration Numbers VA 2-444-531 and 2-444-601. *See* Complaint, Exhibit 1.

The Copyrighted Works is licensed to others for use on, among others, printing products ("Plaintiff's Products") through authorized on-line retail channels, with the potential to receive hundreds of thousands to millions of dollars annually. Complaint ¶ 33.

Defaulting Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions. Complaint ¶ 37. Defaulting Defendants conduct business in the United States and specifically Pennsylvania through the public display, online

advertising, selling, importation, and distribution of items that incorporate infringing versions of Plaintiff's Copyrighted Works. *See* Complaint ¶¶ 37-40.

Plaintiff has identified hundreds of fully interactive e-commerce stores through which Defaulting Defendants sold or offered for sale infringing products utilizing Plaintiff's Copyrighted Works without permission. *See* Complaint ¶¶ 41-45, Exhibit 2.

On December 10, 2025, Plaintiff filed this action for copyright infringement against Defaulting Defendants. On December 12, 2025, the Court entered a temporary restraining order against Defaulting Defendants. Dkt. 23. On December 30, 2025, Defaulting Defendants were served by electronic means as authorized in the TRO. Dkt. 34. On January 6, 2026, the Court entered a preliminary injunction against Defaulting Defendants. Dkt. 43. On February 5, 2026, the Clerk entered default against Defaulting Defendants for failure to appear or otherwise defend. Dkt. 62.

Plaintiff now moves the Court for entry of Default Judgment and a permanent injunction against Defaulting Defendants.

## II.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT.

This Court has original subject matter jurisdiction over this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*, and pursuant to 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; numerous Infringing Products were sold and shipped by Defaulting Defendants into this judicial district. *See* Complaint Exhibits 2-1 to 2-3.

This Court may properly exercise personal jurisdiction over Defaulting Defendants because Pennsylvania authorizes personal jurisdiction over each Defaulting Defendant pursuant to 42 Pa. Cons. Stat.§ 5322 (a) which provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."

Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over the Defaulting Defendants because Plaintiff's claim arises under Federal copyright law, the Defaulting Defendants are foreign residents not subject to general jurisdiction in any state, and exercising jurisdiction in this district is consistent with the United States Constitution and laws based on Defaulting Defendants' minimum contacts with Pennsylvania and the United States by virtue of the Infringing Products that were sold and shipped by Defaulting Defendants into this judicial district. *See* Complaint Exhibits 2-1 to 2-3. Thus, personal jurisdiction is proper because Defaulting Defendants are committing tortious acts in the U.S., including in Pennsylvania specifically, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the U.S. and in the Commonwealth of Pennsylvania specifically. *Id*.

## III. PLAINTIFF HAS MET THE REQUIREMENTS FOR DEFAULT JUDGMENT.

### A. Entry of Default Judgment is Proper Here.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint.

The deadline by which Defaulting Defendants were required to serve their responsive pleading has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate. Further, Plaintiff requests awards of statutory damages against each of the Defaulting Defendants for copyright infringement as authorized by 17 U.S.C. § 504(c). Such use has been in connection with Defaulting Defendants' sales of products through the Defaulting Defendants' Internet Stores. Plaintiff also seeks entry of a permanent injunction ordering, *inter alia*: (i) that Defaulting Defendants be prohibited from selling, distributing, reproducing, publicly displaying, or otherwise infringing Plaintiff's Copyrighted Works; and (ii) that all assets in Defaulting Defendants' financial accounts operated by Amazon, and any newly identified accounts, be transferred to Plaintiff up to the amount of the total relief awarded by the Court to Plaintiff.

### B. Plaintiff Is Entitled to Judgment as a Matter of Law on its Copyright Infringement Claim.

Copyright infringement is a strict liability offense, and a plaintiff does not need to prove a defendant's mental state to prevail on a copyright claim. *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 156 (E.D.N.Y. 2016) ("[C]opyright infringement is a

strict liability offense."); *United States v. Bily*, 406 F. Supp. 726, 733 (E.D. Pa. 1975); *see also*; *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985) ("All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers.").

Copyright infringement requires proof of "(1) ownership of a valid copyright, and (2) unauthorized copying of original elements of the Plaintiff's work." *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.,* 307 F.3d 197, 206 (3d Cir. 2002). Here, the allegations in the Complaint establish that Plaintiff holds valid copyrights, and that Defaulting Defendants have violated Plaintiff's exclusive rights to reproduction and creation of derivative works.

The first element of a copyright infringement case requires a plaintiff to demonstrate ownership of a valid copyright. Here, Plaintiff has alleged that Plaintiff purchased the Copyrighted Works from the original artist. Complaint ¶ 2. The Copyright Act allows for transferring copyright ownership. 17 U.S.C. § 204. Plaintiff has also alleged that it registered the Copyrighted Works with the United States Copyright Office and was issued Registration Numbers VA 2-444-531 and VA 2-444-601. *See* Complaint, Exhibit 1.

Thus, the factual allegation in the Complaint establishes Plaintiff's ownership of the Copyrighted Works for purposes of satisfying the first element of its copyright infringement claim against Defaulting Defendants.

As to the second element, "[c]opying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C.S. § 106." *Dun & Bradstreet Software Servs.,* 307 F.3d at 206 (internal citation omitted). The rights in § 106 include the exclusive rights to reproduce the Copyrighted Works and to prepare derivative works. 17 U.S.C. § 106(1)-(2).

Here, Plaintiff has provided several examples demonstrating that Defaulting Defendants reproduced Plaintiff's Copyrighted Works and incorporated them into various Infringing Products sold by Defaulting Defendants through various ecommerce platforms. *See* Exhibits 2-1 to 2-3.

In conclusion, the factual allegations of the Complaint establish that Plaintiff is the owner of a valid copyright, and that Defaulting Defendants impermissibly copied Plaintiff's Copyrighted Works.

      **C.**      **Plaintiff is Entitled to Judgment as a Matter of Law on its Violation of Digital Millennium Copyright Act Claim.**

Defendants violated the Digital Millennium Copyright Act ("DMCA") by removing the "gutter credit" Shutterstock applies on their website. 17 U.S.C. § 1201(a)(1) prohibits anyone from circumventing a technological measure that effectively controls access to a work protected under this title. Technological measures controlling access to the Copyrighted Works were implemented via requiring specific user registration, payment, and password, along with watermark protection. 17 U.S.C. § 1202(b) prohibits any person or entity from intentionally removing or altering any copyright management information, distributing or importing for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or distributing, importing for distribution, or publicly performing works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right protected under that title.

To establish a claim for removal of CMI, a plaintiff must demonstrate: (1) the existence of CMI on the work at issue; (2) removal and/or alteration of that information; and (3) that the

removal and/or alteration was done intentionally. *Sadowski v. Ng*, 2022 U.S. Dist. LEXIS 46315, at *23 (S.D.N.Y. Mar. 15, 2022). Gutter credit printed in a smaller type and running perpendicular to the relevant image on the page is CMI whose alteration would constitute a violation of these statutes. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 299 (3d Cir. 2011).

The Copyrighted Works at issue in this case was identified on the Shutterstock website with the specific image IDs 452073301 and 452046037. These IDs and credit were specifically associated with the author and constitute the copyright management information ("CMI"). These "gutter credit" were removed by the Defendants on the infringing images they uploaded onto their storefronts, when listing the infringing items for sale. *See* Exhibits 2-1 to 2-3 to Complaint. This CMI would have had to be intentionally removed, and the Defendants had reasonable grounds to know that this removal would induce facilitate or conceal their infringement of Plaintiff's rights under 17 U.S.C. § 1202(b).

In conclusion, the factual allegations of the Complaint establish that Defaulting Defendants impermissibly removed CMI and facilitated their sale of Infringing Products through the use of these Infringing Images of Plaintiff's Copyrighted Works.

### D. The Chamberlain Factors Weigh in Favor of Entry of Default Judgment.

As Plaintiff has established that it has pled a meritorious case for copyright infringement, the Court must now determine whether default judgment should be granted.

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Here, all three factors weigh in favor of entering a default judgment in favor of Plaintiff and against Defaulting Defendants.

As to the first factor, Plaintiff would be substantially prejudiced if default judgment were not entered. This is not a case of an isolated instance of nominal infringement. Rather, Plaintiff has demonstrated that Defaulting Defendants have serially infringed its Copyrighted Works. Furthermore, Defaulting Defendants were provided actual notice of these proceedings, yet have willfully chosen not to participate. If default judgment is not entered, Plaintiff would be deprived of any remedy against Defaulting Defendants and future infringers would be incentivized to simply ignore judicial proceedings as a means to avoid accountability.

Thus, the first *Chamberlain* factor weighs in favor of entering a default judgment in favor of Plaintiff.

As to the second factor, Defaulting Defendants do not have a litigable defense. Plaintiff has pled that it never granted Defaulting Defendants permission to use the Copyrighted Works. *See* Complaint ¶¶37-39. Additionally, Plaintiff has included direct proof of Defaulting Defendant's infringing conduct in the form of screenshots. *See* Complaint ¶43, Exhibits 2-1 to 2-3. Because copyright infringement is a strict liability offense, *see Bily*, 406 F. Supp. at 733, and because the screenshot evidence conclusively demonstrates Defaulting Defendants' liability, Defaulting Defendants do not appear to have a litigable defense.

Thus, the second *Chamberlain* factor weighs in favor of entering a default judgment in favor of Plaintiff.

As to the third factor, the evidence clearly demonstrates that Defaulting Defendants' delay was due to their own culpable conduct. Pursuant to the Court's Order, Plaintiff served Defaulting Defendants electronically with copies of the Summons and Complaint. Defaulting Defendants

chose not to participate in this lawsuit despite having actual knowledge of the suit and the relevant response deadline, rendering their conduct culpable.

Thus, the third *Chamberlain* factor weighs in favor of entering a default judgment in favor of Plaintiff.

In conclusion, all three *Chamberlain* factors weigh in favor of entry of default judgment against Defaulting Defendants. Plaintiff would be prejudiced if default judgment is not entered because it would be deprived of a remedy for Defaulting Defendants' infringing conduct. Defaulting Defendants do not have a litigable defense because copyright infringement is a strict liability offense. Additionally, the evidence shows that Defaulting Defendants are culpable for failing to participate in these proceedings.

Therefore, default judgment should be entered against Defaulting Defendants and in favor of Plaintiff for Plaintiff's claim of copyright infringement.

### IV. PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF.

#### A. Defaulting Defendants Have Committed Willful Copyright Infringement.

Plaintiff's Complaint alleged that Defaulting Defendants' infringement of Plaintiff's copyrights in the Copyrighted Works has been willful. Complaint ¶ 65. Upon entry of default, the above-referenced allegations must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6). Accordingly, Defaulting Defendants have engaged in willful infringement of Plaintiff's asserted copyright.

"To prove willfulness, the plaintiff must show that the defendant knew that his actions constituted copyright infringement, or that the defendant acted with reckless disregard or willful blindness to the copyright holder's rights." *Energy Intelligence Grp. V. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus., & Serv. Workers Int'l Union, AFL-CIO/CLC*, No. 11-00428, 2013 U.S. Dist. LEXIS 123080, at *59 (W.D. Pa. Aug. 29, 2013) (internal citation

omitted). As such, knowledge need not be proven directly but can be inferred from a defendant's conduct. *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *20 (N.D. Ill. Feb. 25, 2005).

Here, Defaulting Defendants had knowledge that their activities constituted copyright infringement or at least a reckless disregard for Plaintiff's rights in the Copyrighted Works, especially when viewed in light of the nature of Defaulting Defendants' marketing and sales activities. As alleged in Plaintiff' Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine versions of Plaintiff's Copyrighted Works. Complaint ¶ 41.

### B.  Plaintiff Is Entitled to Statutory Damages.

Under the Copyright Act, a copyright holder entitled to recover actual damages and any profits attributable to infringement, however, section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work... in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement is deemed willful, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2). In fashioning an appropriate award, courts have wide latitude to determine the scope of the statutory damages award, and there need not be a direct correlation between statutory and actual damages. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014). An award may be in any amount in the permitted statutory range "as the court considers just." 17 U.S.C. § 504(c)(1); *see Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (citing *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, (1919)) (the district court has "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and

minima" set forth in the statute). Statutory damages under the Copyright Act are designed to "discourage wrongful conduct," as well as to provide "reparation for injury." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Indeed, "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *Id.* at 233; *see also Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir. 1994) (emphasizing punitive and deterrent goals).

In similar cases involving willful Internet-based counterfeiting, courts have awarded statutory damages, including up to the maximum provided by law, to the plaintiff in order to: (1) deter the defendant and others situated like them from bringing counterfeit goods into commerce, (2) compensate the plaintiff for damages caused by defendant's infringement, and (3) punish the defendant appropriately for its counterfeiting activities. *See, e.g. Volkswagen Group of America v. CAR FAN, et al.*, No. 22-cv-00863 (N.D. Ill. May 27, 2022) (awarding $500,000 in statutory damages per defaulting defendant) (Dkt. No. 56); *Advance Magazine Publishers Inc. v. Prettty Shopping Store, et al.*, 22- cv-00854 (N.D. Ill. May 24, 2022) (unpublished) (Dkt. No. 49).

Given the Court's discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 17 U.S.C. § 504(c), Plaintiff respectfully requests the Court's entry of an award of one hundred thousand dollars ($100,000) per Defaulting Defendant ($50,000 per work for two asserted works).

### 1. Defaulting Defendants have engaged in deceptive and unethical business practices that support a high statutory damages award here.

The tactics that Defaulting Defendants have used in their efforts to unfairly deprive Plaintiff of the exclusivity to which it is entitled under the Copyright Act further supports a high statutory damages award here. As indicated above, Defaulting Defendants facilitate sales by designing the product listings of the infringing products so that they appear to be selling genuine versions of Plaintiff's Copyrighted Works. Complaint ¶ 41.

**2. Defaulting Defendants' use of online means to effectuate their widespread copyright infringement makes a high statutory damages award appropriate here.**

Courts have routinely held in intellectual property cases that high statutory damage awards are particularly appropriate where the infringement occurred through the Internet given the wide market exposure that the Internet provides. *See Burberry Ltd. v. Designers Imports, Inc.*, 07 Civ. 3997 (PAC), 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (statutory damages award determined, in part, based on "Defendant's ability to reach a vast customer base through internet advertising"); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 125 (D.N.J. Sep. 11, 2003) (in analyzing an appropriate statutory damages award, opining that "by selling over the Internet, the Lubans had access to a virtually limitless number of customers.").

Indeed, in cases similar to the present case involving widespread trademark and/or copyright infringement taking place through sales on the Internet, courts have seen fit to enter statutory damages awards at the maximum level or other very high levels. *See, e.g., Wolk v. Ormerod,* 2019 U.S. Dist. Lexis 203454, at *8-*9 (S.D.N.Y. Nov. 21, 2019) (awarding $100,000 in statutory damages for copyright infringement and noting that "Ormerod's infringing conduct involved the use of the internet, which provided him a vast audience to whom he could sell images of his infringing work, Ocean Dreams, and potentially, earn large profits."); *Dish Network, L.L.C. v. Dima Furniture, Inc.*, Civil No. TDC-17-3817, 2019 U.S. Dist. Lexis 101098, at *15-*16 (D. Md. June 17, 2019) (awarding maximum statutory damages of $150,000 per infringed work where infringement occurred over the internet and noted the defendant's

interference with the Internet Service Provider's efforts to halt the infringing activity). Here too, the statutory damages award should be enhanced given that Defaulting Defendants' copyright infringement has taken place through the Internet and has had a pervasive impact on the market for Plaintiff's Copyrighted Works.

### 3. Defaulting Defendants' decision to ignore this action makes a high statutory damages award appropriate here.

An additional consideration supporting a high statutory damages award here is that Defaulting Defendants deliberately chose not to defend this action. *See Light v. Zhangyali*, No. 15 CV 5918, 2016 WL 4429758, at *4 (N.D. Ill. Aug. 22, 2016). Defaulting Defendants were made aware of the pendency of this action against them through electronic service as authorized by the Court. *See* Dkt. 34. Defaulting Defendants, however, ultimately never filed an appearance or defended the action. Where a defendant knowingly fails to oppose an action asserted against it, this likewise supports the finding of willfulness and, therefore, increasing the statutory damages award. *Energizer Brands, LLC v. Camelion Battery Co.*, No. 16 CV 4368, 2017 WL 6813689, at *2 (N.D. Ill. Oct. 10, 2017).

In conclusion, the Court should exercise its discretion to award $122,000 in statutory damages per Defaulting Defendant.

### C. Plaintiff Is Entitled to Permanent Injunctive Relief.

In addition to the foregoing relief, Plaintiff also requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in Plaintiff's Copyrighted Works, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. When considering whether to grant permanent injunctive relief the Court must once again examine that the Plaintiff "(1) will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury, (3) the

balance of hardships tips in its favor, and (4) an injunction would not disserve the public interest." *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). Plaintiff is also entitled to injunctive relief so it can quickly act against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See Aquapaw Brands LLC v. Tiktoks*, No. 2:21-CV-00696-CCW, 2022 U.S. Dist. LEXIS 134805 (W.D. Pa. July 29, 2022); *Aquapaw LLC v. Allnice*, No. 2:20-cv-01954-CCW, 2022 U.S. Dist. LEXIS 134796 (W.D. Pa. July 29, 2022); *Aquapaw Brands LLC v. Flopet*, No. 2:21-cv-00988-CCW, 2022 U.S. Dist. LEXIS 134797 (W.D. Pa. July 29, 2022).

Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from infringing Plaintiff's rights in the Copyrighted Works. Plaintiff requests that any Permanent Injunction entered by the Court order that Defaulting Defendants' assets that are currently restrained are transferred to Plaintiff up to the amount of monetary relief granted by this Court. Plaintiff also requests that any Permanent Injunction entered by the Court require transfer to Plaintiff of all assets owned by Defaulting Defendants that may be discovered in the future, up to the amount of monetary relief that may be awarded to Plaintiff.

Such injunctive relief is necessary so that Plaintiff can quickly act against any new websites and online marketplace accounts that are identified and that are determined to have been linked to and/or to have sold Defaulting Defendants' Infringing Products. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-00788, Dkt. 30 (Default Judgment Order) at 5, § 7 (N.D. Ill. Apr. 23, 2019) (ordering that Plaintiff shall have ongoing authority to serve the Order upon financial institutions in the event that new accounts owned by the Defendants are identified, until the full damages award has been satisfied); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al.,* No. 19-cv-

00281, Dkt. 46 at (Final Judgment Order), at 8-9, § 6 (N.D. Ill. Apr. 2, 2019) (same).

## V.  CONCLUSION

Plaintiff respectfully requests that it be awarded statutory damages of $122,000, which includes $100,000 per Defaulting Defendant for willfully infringing Plaintiff's Copyrighted Works ($50,000 per work for two asserted works) pursuant to 17 U.S.C. § 504(c)(2), $2,000 per Defaulting Defendant for willful violation of the DMCA under 17 U.S.C. § 1201 (a)(1), pursuant to 17 U.S.C. § 1203 (c)(3)(A), and $20,000 per Defaulting Defendant for willful violation of DMCA under 17 U.S.C. § 1202 (b)), pursuant to 17 U.S.C. § 1203 (c)(3)(B). Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from selling, distributing, reproducing, publicly displaying, or otherwise infringing Plaintiff's Copyrighted Works; and requiring the transfer to Plaintiff of assets in Defaulting Defendants' financial accounts, including, without limitation, Defaulting Defendants' bank accounts and Defaulting Defendants' payment accounts operated by on-line marketplaces up to the amount of any monetary relief ordered by the Court.

Date: February 19, 2026

Respectfully submitted,

*/s/ Keaton Smith*
Keaton Smith IL #6347736
Shengmao (Sam) Mu NY #5707021
Abby Neu IL #6327370
Ryan E. Carreon DE #7305
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone:
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*