IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCI SPARK LLC,

Plaintiff,

v.

ABOJOY, et al.,

Defendants.

Civil Action No. 25-cv-1928
Judge: Hon. W. Scott Hardy

_____/

## UNOPPOSED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

Defendants TOLULU (Seller ID: A1TJG0B2KA7VMB), Artso Shop[1] (Seller ID: AM4RB4HXOL3J)(collectively, "Moving Defendants"), by and through undersigned counsel, respectfully move pursuant to Federal Rule of Civil Procedure 55(c) to vacate the Clerk's Entry of Default entered against them [DE 62] for good cause shown. This motion is made on the grounds of excusable neglect, prompt remedial action upon awareness, and the existence of a meritorious defense. Moving Defendants request that the Court vacate the default and allow them to file an answer or otherwise respond to the Complaint. This motion is unopposed.

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

This is a copyright infringement action against numerous Schedule A defendants, including Moving Defendants' Amazon seller accounts. The Clerk entered default against Moving Defendants on February 5, 2026 [DE 62], for failure to plead or otherwise defend.

---

[1] Defendant Artso Shop confirms that it also has an alias as Artso Direct. Thus, two defendants are in fact the same Amazon store.

Moving Defendants, foreign entities based in China operating Amazon stores, were unaware of the specific lawsuit until recently due to the high volume of routine Amazon backend emails and oversight of service-related communications. Upon becoming aware, Moving Defendants promptly retained undersigned counsel (fluent in Mandarin and admitted in this District) and file this motion without delay.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for good cause. The Third Circuit favors decisions on the merits and liberally construes "good cause" to include excusable neglect, particularly where no prejudice results and a meritorious defense exists. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Factors include: (1) whether plaintiff will be prejudiced; (2) whether defendant has meritorious defense; (3) whether culpable conduct led to default). Courts in this District and elsewhere routinely vacate defaults in similar Schedule A cases involving foreign e-commerce sellers where language barriers, unfamiliarity with U.S. procedure, and email overload contribute to delay.

## III. GOOD CAUSE EXISTS TO VACATE THE DEFAULT

**A. Excusable Neglect**

Moving Defendants are small e-commerce operators in China managing multiple Amazon stores. They receive hundreds of emails daily from Amazon's backend system, which obscured the service emails in this matter. Service was likely via alternative means, but the volume and language differences caused the deadline to be overlooked.

Additionally, Moving Defendants are not familiar with U.S. federal civil procedure and face a significant language barrier as they are all Chinese citizens. These factors constitute excusable neglect, not willful or culpable conduct. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (excusable neglect includes inadvertence, mistake, or carelessness).

**B. Prompt Action Upon Awareness and Lack of Prejudice**

Moving Defendants acted immediately upon discovering the default: they retained undersigned counsel (who speaks Mandarin and is eligible to practice in the Western District of Pennsylvania) and filed this motion. No delay prejudiced Plaintiff, as no default judgment has been entered, discovery is early-stage, and the case remains in its infancy. Vacating the default will not impair Plaintiff's ability to prosecute its claims on the merits.

**C. Meritorious Defense**

A meritorious defense need only present a facially meritorious or colorable claim—not one that is guaranteed to prevail. *See Emcasco*, 834 F.2d at 74 ("[I]t is sufficient that Sambrick's proffered defense is not "facially unmeritorious." *Gross,* 700 F.2d at 123.).

Moving Defendants have a strong meritorious defense: they did not have any access to Plaintiff's alleged copyright. Instead, they were supplied by their suppliers in China the product and images.

Even if infringement were ultimately found, Moving Defendants acted under a good-faith belief that their use was licensed and authorized. There is no suggestion of intentional or reckless disregard of Plaintiff's rights. Lack of willfulness is a meritorious defense to enhanced damages and supports the equitable considerations favoring vacatur of default.

**D. Plaintiff's Consent to Vacate the Default.**

Plaintiff consented to the vacatur of the clerk's default after conferral.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Moving Defendants respectfully request that the Court:

1. Vacate the Clerk's Entry of Default [DE 62] as to Moving Defendants pursuant to Fed. R. Civ. P. 55(c);

2. Grant Moving Defendants leave to file an answer or responsive pleading within 14 days of the Court's order (or such other time as the Court deems appropriate);

3. Grant such other and further relief as the Court deems just and proper.

This motion is unopposed, as no prejudice results and good cause is clearly established.

Respectfully submitted,

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com
Date: Feb. 19, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Feb. 19, 2026.