IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Case 2:25-cv-01928-WSH

SCI SPARK LLC,

Plaintiff,

v.

ABOJOY, et al.,

Defendants.

_____/

**RESPONSE OF MOVING DEFENDANTS RICHEN-OFFICIAL, WINTOJO DIRECT, TOLULU, AND ART SO SHOP TO PLAINTIFF'S**
*MOTION FOR DEFAULT JUDGMENT*
**(Unopposed as to These Defendants)**

Defendants RICHEN-OFFICIAL (Seller ID: A2EU3QKQOZH8MH), WINTOJO DIRECT (Seller ID: A1WYXF0FVSB97I), TOLULU (Seller ID: A1TJG0B2KA7VMB), and Artso Shop (Seller ID: AM4RB4HXOL3J, a/k/a Artso Direct) (collectively, "Responding Defendants"), by and through undersigned counsel, respectfully submit this response to Plaintiff's Motion for Default Judgment and Permanent Injunction (Dkt. 75, filed February 19, 2026) and the supporting Memorandum (Dkt. 75).

This response is unopposed by Plaintiff as to Responding Defendants, consistent with Plaintiff's prior consent to vacating the Clerk's Entry of Default [Dkt. 62] against them.

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

This is a copyright infringement action against numerous Schedule A defendants, including Responding Defendants' Amazon seller accounts. The Clerk entered default against all defendants on February 5, 2026 [Dkt. 62].

Following the entry of default, Responding Defendants promptly appeared through counsel, filed unopposed motions to vacate the default pursuant to Fed. R. Civ. P. 55(c), and demonstrated good cause (excusable neglect due to email volume/language barriers, prompt action upon awareness, lack of prejudice, and meritorious defenses) [Dkt. 63 (filed February 5, 2026); Dkt. 76 (filed February 19, 2026)].

Plaintiff consented to vacating the default as to Responding Defendants after conferral in both instances.

Plaintiff now seeks default judgment and a permanent injunction against the "Defaulting Defendants" listed in Exhibit A to the proposed order, which includes Responding Defendants.

## II. ARGUMENT

Entry of default judgment against Responding Defendants is inappropriate and inconsistent with Plaintiff's consent to vacating the underlying default.

Under Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for good cause. The Third Circuit strongly favors decisions on the merits, particularly where (as here) good cause is shown, no prejudice results, and meritorious defenses exist. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

Plaintiff expressly consented to vacating the default as to Responding Defendants [see Dkt. 63; Dkt. 76 § III.D]. Vacating the default restores the case to its pre-default posture as to these parties, rendering entry of default judgment premature and inequitable. Courts routinely

deny default judgment where a defendant has appeared and demonstrated grounds to set aside default, especially in Schedule A cases involving foreign e-commerce sellers facing similar procedural hurdles.

Granting default judgment against Responding Defendants would prejudice them by awarding statutory damages ($122,000 per defendant), injunctive relief, and asset transfer without adjudication on the merits—directly contrary to Plaintiff's agreement that the default should be vacated and the claims resolved on the merits.

### III. REQUEST FOR RELIEF

For the foregoing reasons, Responding Defendants respectfully request that the Court:

1. Deny Plaintiff's Motion for Default Judgment [Dkt. 75] as to Responding Defendants RICHEN-OFFICIAL, WINTOJO DIRECT, TOLULU, and Artso Shop (including any alias as Artso Direct);

2. In the alternative, exclude Responding Defendants from any order granting default judgment or permanent injunction entered against other Defaulting Defendants, pending resolution of their claims on the merits following vacatur of default;

3. Grant such other and further relief as the Court deems just and proper.

This response is unopposed as to Responding Defendants, as Plaintiff has consented to vacating the default and proceeding on the merits as to these parties.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188
Email: jamesliulaw@gmail.com

Date: February 23, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via CM/ECF on all counsel of record on February 23, 2026.

/s/ Jianyin Liu