IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Case No. 2:25-cv-01928-WSH

SCI SPARK LLC,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

_____/

**DEFENDANTS RICHEN-OFFICIAL, WINTOJO DIRECT, TOLULU ARTS SHOP/ ARTS DIRECT, AND ARTSO SHOP'S MOTION FOR EXEMPTION FROM IN-PERSON APPEARANCE (OR, ALTERNATIVELY, FOR PERMISSION TO APPEAR REMOTELY VIA VIDEO CONFERENCE OR TELEPHONE) AT <u>MARCH 26, 2026 MOTION HEARING</u>**

Defendants RICHEN-OFFICIAL, WINTOJO DIRECT, TOLULU ARTS Shop/Arts Direct, and ArtSo Shop (collectively, "Moving Defendants"), by and through undersigned counsel, respectfully move this Court for an order exempting them and their counsel from the requirement of in-person appearance at the motion hearing scheduled for March 26, 2026, at 9:30 AM in Courtroom 3B before the Honorable W. Scott Hardy, or, alternatively, granting permission for them and their counsel to appear remotely via video conference or telephone. In support, Moving Defendants state as follows:

1. On February 25, 2026, the Court issued an Order (Docket No. 78) setting a hearing on Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction (Docket No. 74) for March 26, 2026, at 9:30 AM, with responses due March 20, 2026.

2. Moving Defendants are among the Schedule A defendants. Plaintiff's counsel previously agreed via email to vacate the clerk's defaults entered against these four defendants and to exclude them from the Motion for Default Judgment, as they would file responses accordingly.

   - On February 5, 2026, Plaintiff's counsel stated they would not oppose vacating the clerk's default for RICHEN-OFFICIAL and WINTOJO DIRECT (email chain). See Ex. A and B.

   - On February 13, 2026, Plaintiff's counsel stated "No objection" to vacating defaults for TOLULU and ArtSo Shop (email chain). See Ex. C.

   - Despite follow-up emails on February 20, 2026, and February 25, 2026, requesting removal from the motion, Plaintiff's counsel has not responded or updated the motion/filing to reflect this agreement. See Ex. D and E.

3. The inclusion of Moving Defendants in the default judgment motion appears inconsistent with the parties' agreement.

4. The hearing is set in Pittsburgh, Pennsylvania. Undersigned counsel is located in Palmetto Bay, Florida (Miami area), and Moving Defendants are believed to be located outside Pennsylvania (likely overseas or distant U.S. locations based on the Schedule A nature of the case involving online sellers).

**5. Requiring in-person appearance would impose a substantial financial burden, including:**

   - Round-trip air travel from Miami to Pittsburgh (estimated $400–$800, plus ground transportation);

   - Hotel accommodations for at least one to two nights (estimated $200–$400 per night);

   - Lost time of 2-day and opportunity costs; and

Attorney travel and related fees, which would be billed to clients already facing litigation costs.

This burden is particularly significant for small online sellers/defendants in a multi-defendant intellectual property case, and it outweighs any need for in-person presence at a non-evidentiary motion hearing.

6. As the communication between Plaintiff's counsel and undersigned counsel clearly shows that Plaintiff did not intend to include Defendants into the default judgment motion, thus, the inclusion is likely due to clerical error or coordination issue among Plaintiff's counsels.

7. Thus, an exemption to the hearing not only relieves Defendants' financial burden, but also streamline the motion hearing process.

7. Undersigned counsel attempted to confer with Plaintiff's counsel in good faith regarding this relief via email (February 20 and 25, 2026) and by telephone, but received no response. Plaintiff's counsel is thus not in a position to consent or oppose.

WHEREFORE, Moving Defendants respectfully request that the Court:

- Grant an exemption from in-person appearance for Moving Defendants and their counsel at the March 26, 2026, hearing; or

- Alternatively, permit appearance via video conference (e.g., Zoom) or telephone; and

- Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675 | WSBA: 59542

>The Law Offices of James Liu PLLC
>15750 SW 92nd Ave, Unit 20C
>Palmetto Bay, FL 33157
>Ph: (305) 209-6188
>Fax: (305) 402-5959
>Email: jamesliulaw@gmail.com

### CERTIFICATE OF CONFERRAL

Pursuant to the Practices and Procedures of Judge W. Scott Hardy, undersigned counsel certifies that on February 20, 2026, and February 25, 2026, counsel emailed Plaintiff's counsel (including lead and copied attorneys at Whitewood Law PLLC) requesting agreement to exclude Moving Defendants from the motion for default judgment and/or stipulation regarding remote/in-person relief. Undersigned counsel also made several phone calls to Plaintiff's counsel, however, no one picked up the phones. No response has been received. Thus, this motion is presented without consent, but after good-faith conferral efforts.

/s/ Jianyin Liu