IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCI SPARK LLC,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

Defendants.

Civil Action No. 2:25-cv-01928
Judge: Hon. W. Scott Hardy

_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ARTS DIRECT (OR
ARTS SHOP), AMAZON SELLER ID AM4RB4HXOL3J**

Defendant Arts Direct (or Arts Shop), Amazon Seller ID AM4RB4HXOL3J (hereinafter

"Defendant"), by and through undersigned counsel, files this Answer to Plaintiff's Complaint

[DE 1] as follows:

**GENERAL DENIAL**

Except as expressly admitted herein, Defendant denies each and every allegation

contained in the Complaint, including all claims for relief, and demands strict proof thereof.

**JURISDICTION AND VENUE**

1. Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 1–5 of

the Complaint and therefore denies them.

Page 1 of 10

2. Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) but denies that personal jurisdiction and venue are proper as to this Defendant.

## FACTUAL ALLEGATIONS

3–7. Defendant denies the allegations in Paragraphs 6–7 of the Complaint.

8–30. Defendant denies the allegations in Paragraphs 8–30 of the Complaint.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*)

59. Plaintiff re-alleges and incorporates by reference the allegations set forth in the  paragraphs above.

Response: Defendant denies the allegations in this paragraph.

60. Plaintiff's Copyrighted Works constitute creative, original works of authorship, fixed in tangible mediums of expression, and protectable under U.S. copyright law. *See* 17 U.S.C. § 102. Plaintiff hereby verifies that the Copyrighted Works are entirely original and not derived from any other copyrighted works without permission.

Response: Defendant denies the allegations in this paragraph.

61. Plaintiff is the owner of valid and enforceable copyright in Plaintiff's Copyrighted Works.

Response: Defendant denies the allegations in this paragraph.

62. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Copyrighted Works and has obtained valid copyright registrations for Plaintiff's Copyrighted Works. The copyright registrations precede

the date of the alleged infringement which entitles Plaintiff to seek statutory damages and attorney's fees under 17 U.S.C. § 412.

Response: Defendant denies the allegations in this paragraph.

63.    Defendants do not have any ownership interest in Plaintiff's Copyrighted Works.

Response: Defendant denies the allegations in this paragraph.

64.    Defendants had access to Plaintiff's Copyrighted Works via the internet and, as evidenced by their sophisticated business operations and the widespread nature of Plaintiff's Copyrighted Works, had actual knowledge of Plaintiff's copyrights before engaging in the infringing activities described herein. The Copyrighted Works were created by a well-known artist whose works have seen great success on Shutterstock and elsewhere online.

Response: Defendant denies the allegations in this paragraph.

65.    Without authorization from Plaintiff, the original creator of the Copyrighted Works, or any right under the law, Defendants have, *inter alia*, willfully copied, reproduced, publicly displayed, and distributed, products incorporating Plaintiff's Copyrighted Works, in connection with their operation of the Defendant Internet Stores.

Response: Defendant denies the allegations in this paragraph.

66.    Defendants' Infringing Products incorporate works that are virtually identical to and/or are indistinguishably similar to Plaintiff's Copyrighted Works.

Response: Defendant denies the allegations in this paragraph.

67.    Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's copyrights in Plaintiff's Copyrighted Works in violation of 17 U.S.C. § 501(a). *See also* 17 U.S.C. §§ 106(1), (3), (5). Defendants had knowledge of the infringing activity and materially contributed to it by providing the means for others to infringe Plaintiff's copyright through their distribution and sale of Infringing Products. Moreover, Defendants' actions have enabled and facilitated direct infringement by third parties who purchase and use the Infringing Products. By providing the means and platform for this direct infringement, Defendants are secondarily liable for contributory infringement and vicarious liability, as established in *Leonard v. Stemtech Int'l, Inc*., 834 F.3d 376, 386 (3d Cir. 2016) citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). Their actions are inextricably linked to the underlying acts of direct infringement committed by the end-users of the Infringing Products.

Response: Defendant denies the allegations in this paragraph.

68.    Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiff's Copyrighted Works through their receipt of substantial revenue, including substantial profit, driven by high volume sales of their Infringing Products.

Response: Defendant denies the allegations in this paragraph.

69.    Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Infringing Products that use Plaintiff's Copyrighted Works without its permission.

Response: Defendant denies the allegations in this paragraph.

70.    Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights. Any claim by Defendants of ignorance regarding the infringement is without merit, as the widespread nature of Plaintiff's Copyrighted Works and Defendants' sophisticated business operations make it implausible that Defendants were unaware of their infringing activities.

Response: Defendant denies the allegations in this paragraph.

71.    Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

Response: Defendant denies the allegations in this paragraph.

72.    Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

Response: Defendant denies the allegations in this paragraph.

73.    Considering the foregoing, and as contemplated by 17 U.S.C. § 502, Plaintiff seeks injunctive relief prohibiting further infringement of Plaintiff's copyrights by Defendants.

Response: Defendant denies the allegations in this paragraph.

## COUNT II
## VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT
## (DMCA) (17 U.S.C. § 1201 (a)(1) and 17 U.S.C. § 1202 (b))

74.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

Response: Defendant denies the allegations in this paragraph.

75.     17 U.S.C. § 1201(a)(1) prohibits anyone from circumventing a technological measure that effectively controls access to a work protected under this title.

Response: Defendant denies the allegations in this paragraph.

76.     Technological measures controlling access to the Copyrighted Works were implemented via requiring specific user registration, payment, and password, along with watermark protection. Defendants illegally gained access to Plaintiff's Copyrighted Works, bypassed the technological barriers and removed the watermark.

Response: Defendant denies the allegations in this paragraph.

77.     17 U.S.C. § 1202(b) prohibits any person or entity from intentionally removing or altering any copyright management information, distributing or importing for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or distributing, importing for distribution, or publicly performing works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know, that it will induce, enable,

facilitate, or conceal an infringement of any right protected under that title.

Response: No answer is needed. If yes, Defendant denies the allegations are applicable to Defendant in this paragraph.

78.     To establish a claim for removal of CMI, a plaintiff must demonstrate: (1) the existence of CMI on the work at issue; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally. *Sadowski v. Ng*, 2022 U.S. Dist. LEXIS 46315, at *23 (S.D.N.Y. Mar. 15, 2022).

Response: No answer is needed. If yes, Defendant denies the allegations are applicable to Defendant in this paragraph.

79.     CMI has an "extremely broad" definition and includes all types of information listed in 17 USCS § 1202(c)(1)-(8) and conveyed in connection with copies of a work, regardless of the form in which that information is conveyed. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 298 and 302 (3d Cir. 2011). Gutter credit printed in a smaller type and running perpendicular to the relevant image on the page is CMI whose alteration would constitute a violation of these statutes. *Id*. at 299; see also *Wood v. Observer Holdings, LLC*, No. 20-CV-7878, 2021 WL 2874100, at *6 (S.D.N.Y. July 8, 2021) (finding that a "credit line attribution" placed "below each of [] 13 photos constitutes CMI").

Response: No answer is needed. If yes, Defendant denies the allegations are applicable to Defendant in this paragraph.

80.     Upon belief and information, Defendants had reasonable grounds to know that removal of Plaintiff's gutter credit would induce, enable, facilitate, or conceal an

infringement of Plaintiff's rights under 17 U.S.C. § 1202 (b), but still intentionally removed that CMI.

Response: Defendant denies the allegations in this paragraph.

81. The Digital Millennium Copyright Act grants standing to the owner of a work regardless of whether the work has been copyrighted, meaning that standing to sue for CMI violations of a given work is transferred upon acquisition of that work. 17 U.S.C. § 1203.

Response: No answer is needed. If yes, Defendant denies the allegations are applicable to Defendant in this paragraph.

82. Plaintiff has the requisite standing as it acquired the Copyrighted Works from the original author through a valid transfer agreement establishes the clear chain of title to Sci Spark. Defendants have violated at least 17 U.S.C. § 1201(a)(1) and 17 U.S.C. § 1202 and are liable to Plaintiff under 17 U.S.C. § 1203.

Response: Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

In addition to the General Denial above, Defendant asserts the following affirmative defenses:

### First Affirmative Defense – Authorization / License

Defendant has been expressly authorized to use the copyrighted sloth pattern at issue as it obtained a valid, paid Shutterstock Enhanced License (dated May 29, 2024, Asset ID

452046037) from Shutterstock, Inc., authorizing commercial use of the exact image. The original creator (Darya Dromava) subsequently authorized Shutterstock to license the image for production purposes. Defendant's use was made in good-faith reliance upon that authorization. See Motion to Vacate Default [DE 63] and attached Exhibit A (Shutterstock Proof of License). This authorization constitutes a complete defense to all claims of direct or contributory infringement.

### Second Affirmative Defense – Lack of Willfulness

Any alleged infringement was not willful. Defendant acted under a good-faith belief that its use was fully authorized.

### Third Affirmative Defense –Reservation of Additional Defenses

Defendant reserves the right to assert additional defenses that may become apparent through discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

A. Dismiss the Complaint with prejudice as to this Defendant;

B. In the alternative, enter judgment in favor of Defendant after trial on the merits;

C. Award Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.

The Law Offices of James Liu, PLLC
30 N LaSalle St, Ste 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com

Attorney for Defendant Arts Direct (or Arts Shop), Amazon
Seller ID AM4RB4HXOL3J

Dated: March 28, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Jianyin Liu